**DENIED and Opinion Filed July 25, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00857-CV**

**IN RE TINSTAR TITLE INC. D/B/A TINSTAR LITIGATION SUPPORT AND TITLE, Relator**

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-10455**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Nowell

Before the Court is relator's July 18, 2024 petition for writ of mandamus.

Relator asks this Court to compel Respondent the Honorable Veretta Frazier to vacate the following ten orders:

(1) November 1, 2022 Order Denying Plaintiff's Motion for Leave to Serve Net Worth Discovery, signed by Associate Judge Ronald B. Hurdle;

(2) November 8, 2022 Order on Defendant's Motions to Compel, signed by Associate Judge Hurdle;

(3) November 10, 2022 Order on Defendant's Motions to Compel, signed by Associate Judge Hurdle;

(4) December 30, 2022 Order on Plaintiff's Motion to Compel Production of Documents Claimed as Work Product and Hidden in Privilege Log, signed by Associate Judge Hurdle;

(5)    February 10, 2023 Supplemental Order on Plaintiff's Motion to Compel Production of Documents Claimed as Work Product and Privileged in Defendant's Privilege Log, signed by Associate Judge Hurdle;

(6)    January 24, 2023 Order Granting Defendant's Motion for Partial Traditional and No Evidence Summary Judgment, signed by Judge Frazier;

(7)    March 21, 2023 Order Granting Defendant's Objection to and Motion to Exclude Plaintiff's Purported Expert, Gilmore J. Kerry, Jr., signed by Judge Frazier;

(8)    March 23, 2023 Order Granting Defendant's Emergency Motion to Strike Plaintiff's Improper Trial Exhibit Designations, signed by Judge Frazier;

(9)    March 24, 2023 Order Granting Defendant's Emergency Motion to Strike Plaintiff's Improper Trial Exhibit Designations, signed by Judge Frazier; and

(10)  May 17, 2024 Order in Limine, signed by Judge Frazier.

A petition for writ of mandamus must meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *In re Jones*, No. 05-23-00492-CV, No. 05-23-00493-CV, 2023 WL 4101440, at *1 (Tex. App.—Dallas June 21, 2023, orig. proceeding) (mem. op.). Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A relator bears the burden of providing the Court with a record that is sufficient to show it is entitled to relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Additionally, a relator who delays seeking mandamus relief, even a delay of only a few months, may waive the right to mandamus unless

the relator can justify the delay. *In re Barnes*, No. 05-22-00312-CV, 2022 WL 1955754, at *1 (Tex. App.—Dallas June 3, 2022, orig. proceeding) (mem. op.).

Relator's petition does not comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(h), 52.7(a). Additionally, as to the orders signed in 2022 and 2023, relator offers no justification for its unreasonable delay in seeking mandamus relief; thus, we conclude that relator's request for mandamus relief as to the orders signed in 2022 and 2023 is barred by laches. *Barnes*, 2022 WL 1955754, at *1. Even if relator's petition were not barred by laches and we reviewed relator's request for mandamus relief based on the petition and record before us, we conclude that relator failed to demonstrate entitlement to the requested relief.

Accordingly, we deny relator's petition. *See* TEX. R. APP. P. 52.8(a).

Also before the Court is relator's July 18, 2024 emergency motion for temporary relief. We deny the motion as moot.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

240857F.P05